# Nationwide Mutual Insurance Company

## v.

# Rhonda Lynn Scott, et al.

Record No. 850389

January 15, 1988

Present: All the Justices

*William F. Stone, Jr. (Stone & Worthy,* on briefs), for appellant.

*L. Dale McGhee (Philpott & McGhee, P.C.,* on brief), for appellee Rhonda Lynn Scott.

No briefs or arguments for appellees Dale Lynn Bower and Linwood Mark Truman.

POFF, J., delivered the opinion of the Court.

The sole issue framed on this appeal is whether the trial court correctly construed the statute requiring the inclusion of "underinsured motorist" coverage in the "uninsured motorist" endorsement in automobile insurance policies.

The facts are stipulated. On May 13, 1983, plaintiff Rhonda Lynn Scott suffered severe and permanent injuries in a collision between two automobiles, one driven by Linwood Mark Truman and the other by Dale Lynn Bower. Both drivers had liability insurance. The limit for a single personal injury claim was $50,000 in Bower's policy and $25,000 in Truman's policy. Nationwide Mutual Insurance Company (Nationwide) had issued a policy in which Scott was an insured under an uninsured motorist endorsement that afforded underinsured motorist coverage of $100,000 per person per accident.

Conceding liability and recognizing the nature and extent of Scott's damages, both drivers' liability insurance carriers were willing to pay Scott the full policy limits. Nationwide was willing to pay $25,000, the difference between its underinsured motorist coverage and the aggregate of the liability coverage provided by the other two policies. Disagreeing with Nationwide's position, Scott filed a declaratory judgment action asking the trial court to "determine the full amount of potential liability of Nationwide". Scott reasoned that she was underinsured as to Bower by $50,000 and as to Truman by $75,000 and that, because the total of $125,000 was more than the $100,000 underinsured coverage provided by Nationwide's policy, Nationwide was obligated to pay the full amount of that coverage if she could prove damages in excess of $175,000.

In a letter opinion construing Code § 38.1-381(b) and (c), the trial court ruled that "the coverage for each vehicle must be considered separately and that the accumulated amount of under-insurance would be required of the insurer, not to exceed the limits of the policy." Incorporating that ruling in a final order entered February 28, 1985, the trial court declared that "Nationwide is liable to the plaintiff for the amount of any joint judgment she might recover [against the joint tortfeasors] above the liability coverage available to her not to exceed the sum of $100,000." Because Scott later acquired a judgment against Bower and Truman for $1,000,000, Nationwide is aggrieved by the order entered in the declaratory judgment proceeding, and we awarded Nationwide an appeal.

The "underinsured motorist" provisions at issue here were not added to the statute requiring automobile liability insurance policies to contain an "uninsured motorist" endorsement until 1982. Until then, it was possible that a person injured by an unin-

sured motorist had greater insurance protection than he would have had if the tortfeasor had been insured. Thus, a person insured under an uninsured motorist endorsement providing $100,000 in coverage could recover damages from the insurer for personal injuries up to that amount if the tortfeasor was uninsured. But if the tortfeasor had a liability insurance policy providing coverage of only $25,000 per person, the injured person's insurance protection was limited to that policy and to that amount.

■ In 1982, the General Assembly added language to former Code § 38.1-381(b) and (c) (now, Code § 38.2-2206(A) and (B)), designed to correct the anomaly. As amended by Acts 1982, c. 638, paragraph (b) provided that the uninsured motorist endorsement

> shall obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent such vehicle is underinsured, as defined in (c) below.

The amendment to paragraph (c) provided:

> A motor vehicle is underinsured when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of such vehicle . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of such vehicle.

■ The parties agree that, if Bower had been the sole tortfeasor, Nationwide's obligation would have been only $50,000, that is, the difference between Bower's liability coverage and Nationwide's underinsured policy limit. In light of the quantum of the jury's damage award, the effect of the declaratory judgment is to enable Scott to collect $100,000 from Nationwide in addition to the $75,000 due her under the liability policies issued to Bower and Truman.

■ Nationwide argues that it owes only $25,000, that is, the difference between its underinsured policy limit and the aggregate of liability insurance available to Scott. Hence, Nationwide insists, the trial court's construction of the statute provides Scott a $75,000 "windfall from Defendant Nationwide by reason of the fact that her serious injuries were occasioned by the negligence of

two drivers rather than only one." As Nationwide construes the statute, the General Assembly intended the 1982 amendments to limit an injured claimant's total recovery from all insurance sources to the amount of coverage fixed in the underinsured motorist endorsement.

We disagree. Given the language employed, we believe the legislative purpose was to increase the total protection afforded by insurance to claimants injured or damaged by negligent motorists. In paraphrase, the statute as amended provides that the uninsured motorist endorsement obligates the insurer to pay a claimant damages caused by the operation of *an underinsured motor vehicle* to the extent *such vehicle* is underinsured, and that, definitionally, *a motor vehicle* is underinsured to the extent that liability coverage on *such vehicle* is less than the uninsured motorist coverage available to the claimant on account of the operation of *such vehicle*. If, as Nationwide contends, the General Assembly had intended the obligation under an underinsurance endorsement to be offset by the aggregate of obligations due a claimant under multiple liability policies insuring multiple vehicles, it would have included the plural as well as the singular form in its definition of the term "underinsured".

The provisions of the statute are part of Nationwide's contract of insurance, and we will not consider language in Nationwide's policy that, arguably, is inconsistent with the statute as we have construed it. *See Rose* v. *Travelers Indemnity Co.*, 209 Va. 755, 758, 167 S.E.2d 339, 342 (1969). We agree with the trial court's ruling, and we will affirm the judgment.

*Affirmed.*