## CIRCUIT COURT OF SCOTT COUNTY

Erie Insurance Exchange

v.

Paul Horton

September 13, 1990

Case No. 1856

By JUDGE J. ROBERT STUMP

This is a declaratory judgment action filed by Erie Insurance Exchange (Erie) claiming that Virginia Code Section 38.2-2206 and the clear language of its policies prohibits stacking of coverages under the underinsured motorist (UIM) provision of its three separate insurance policies.

On December 2, 1988, in Clinchport, Virginia, plaintiff, Paul Horton, while standing in the front yard of his home, was struck and seriously injured by an automobile collision between the two defendants, Ricky Hill and Denita Blevins. Horton's medicals exceed $100,000.00. Plaintiff sued defendants for $750,000.00.

Paul Horton and his two daughters, Teresa and Tammy Horton, resided in the same household at the time of the collision. All three Hortons owned a separate automobile. All three Hortons were issued separate family auto insurance policies by Erie each with $250,000.00 UIM coverage.

Each of the defendants had potential liability insurance coverage for plaintiff in the sum of $50,000.00.

Erie contends: (1) § 38.2-2206 *permits* stacking of UIM, but *does not mandate* stacking; and (2) its UIM policy provisions are not in conflict with the statute and prohibit stacking by clear and unambiguous language. Therefore, Erie claims that as to each defendant, its maximum coverage

allowable to Paul Horton would be the highest limits of UIM coverage applicable to any one auto, or $200,000.00.

Paul Horton contends: (1) § 38.2-2206 mandates stacking of UIM coverages; (2) he is covered as the "named insured" on his policy, and as the "resident of same household" under Teresa and Tammy Horton's insurance policies, and (3) Erie's UIM policy provisions conflict with the statute, are unclear and ambiguous, and mandate stacking. Therefore, plaintiff argues that as to each defendant, he is entitled to maximum UIM coverage on three separate auto policies in the sum of $700,000.00.

### Stacking UIM Coverage

This court must interpret Code § 38.2-2206 as amended July 1, 1982, which for the first time in Virginia included the underinsured motorist (UIM) provision. The pertinent statutory language provides:

> No policy or contract of bodily injury . . . shall be issued or delivered in the Commonwealth . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . where the insured contracts for higher limits, the endorsement or provisions for those limits shall obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured, in subsection B of this section . . . .
> B. . . . A motor vehicle is "underinsured" when . . . the total amount of bodily injury . . . coverage applicable . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

Prior to the UIM amendment in § 38.2-2206, there were four Virginia Supreme Court cases which addressed uninsured motorist (UM) stacking: *Bryant v. State Farm,*

205 Va. 897 (1965); *Cunningham v. INA*, 213 Va. 72 (1972); *Lipscombe v. Security Ins.*, 213 Va. 81 (1972); and *Goodville Mutual v. Borror*, 221 Va. 967 (1981); and one Virginia Supreme Court case which addressed UIM stacking: *Mitchell v. State Farm*, 227 Va. 452 (1984).

After the UIM amendment in § 38.2-2206, there have been no Virginia Supreme Court cases addressing UIM stacking. But there have been five Circuit Court opinions: *Integrity Ins. v. Turnage* (Henrico County 1986); *Herbecq v. Va. Farm Bureau Ins.*, 12 Va. Cir. 88 (1987); *Liller v. Government Employees Ins.*, 12 Va. Cir. 100 (1987); *State Farm v. Miller*, 12 Va. Cir. 360 (1988); and *Hamblen v. Valley Forge Ins.* (Louisa County 1987); and one Federal District Court opinion: *Billings v. State Farm*, 680 F. Supp. 778 (E.D. Va. 1988).

Horton contends there is a significant controlling difference with the UIM 1982 amendment when the Federal and Virginia Circuit Courts have interpreted inter-policy v. intra-policy stacking. Erie claims this makes no difference.

Inter-policy stacking considers facts where there are separate automobile insurance policies, separate named insureds, separate vehicles, and separate premium charges. The facts in Horton's case are applicable here. UIM stacking was allowed in *Turnage*, *Herbecq*, and *Miller*, *supra*.

Intra-policy stacking considers facts where one insurance policy covers more than one vehicle. UIM stacking was disallowed in *Liller*, *Hamblen* and *Billings*, *supra*.

Erie contends that under § 38.2-2206(B), stacking of UIM coverage is permitted unless excluded by policy language but is not mandatory. Erie relies primarily on the *Mitchell* and *Goodville* cases. Erie says the statutory language in § 38.1-381(b) in effect at time of *Bryant* and *Goodville* has not changed in § 38.2-2206. Erie also argues that there is no new legislative intent to mandate stacking of UIM coverage; and that the Virginia Supreme Court case law remains the same as prior to the new statutory enactment.

However, this court is of opinion that the legislature did intend to mandate stacking of underinsured motorist (UIM) coverage when it amended § 38.2-2206 in 1982, thus overruling the injustice in *Mitchell*. See discussion of *Turnage* in V.T.L.A. Law Letter and Journal, March 1987.

This court relies on the language in § 38.2-2206 where this court is now mandated to compare "the total amount of bodily injury . . . coverage . . . applicable . . ." against UM/UIM coverage applicable. The statutory language has changed to increase the total protection afforded by insurance to injured claimants by negligent motorists; and was enacted for the benefit of injured persons and should be liberally construed. *Storm v. Nationwide*, 199 Va. 130 (1957); and *Nationwide v. Scott*, 234 Va. 573 (1988).

The primary argument by Horton herein that § 38.2-2206 mandates UIM stacking relates to the facts and the three inter-policy coverages of this case. I agree. Horton relies on the three Virginia Circuit Court opinions (*Turnage, Herbecq,* and *Miller*) which are the only Virginia cases allowing UIM stacking since the enactment of § 38.2-2206. Horton says the intra-policy cases of *Liller, Hamblen,* and *Billings* disallow UIM coverage, but the facts are different, therefore, not applicable.

Erie argues that there is no distinction between inter and intra-policy stacking by the Virginia Supreme Court (which is true, but the issue has not been addressed yet). Furthermore, Erie claims that intra-policy stacking should be mandated (rather than inter-policy stacking) -- according to Horton's contention -- because a named insured is more favored than a mere insured.

However, this court finds Horton's argument more persuasive. Intra-policy cases include only one policy, and it controls all of the insureds therein; whereas, the inter-policy cases involve more than one policy (here three different policies) without insurance policy regulation but governing authority by the Virginia statute. The Virginia Supreme Court mandated liberal construction of the statute to increase the coverage of the injured claimant must prevail since there are three separate auto insurance policies; one pedestrian, "named insured," policyholder not in his automobile at the time of the accident and two separate additional policies insuring Horton as "resident of household"; and three separate insurance premiums paid, which is extremely important here.

Therefore, based on prior statutory and Virginia Supreme Court case law and new statutory and Circuit Court inter-policy case law, UIM stacking shall be permitted

and mandated in the related personal injury case of *Paul Horton v. Ricky Hill and Denita Blevins.*

This court holds that § 38.2-2206 mandates inter-policy UIM stacking but restricts his finding to this particular factual case. *See Turnage, Herbecq,* and *Miller, supra.*

### Erie Policy Language Permits UIM Stacking

Moreover, the court finds the policy language in Erie's three insurance policies are unclear and ambiguous and in conflict with the statutory language of § 38.2-2206. The court relies on and adopts the well-reasoned arguments in Horton's brief.

Therefore, based on the above and per the UM stacking formula set forth in *Scott, supra,* the court finds that Horton shall be entitled to stack UIM coverage in the total sum of $700,000.00 (which includes a deduction of $50,000.00 as to each separate defendant).