## CIRCUIT COURT OF FAIRFAX COUNTY

United Services Auto. Ass'n
and Christopher Rampe

v.

Nationwide Ins. Co. et al.

February 10, 1997

Case No. (Law) 150245

BY JUDGE F. BRUCE BACH

This matter comes before the Court on a declaratory judgment action to determine whether or not the Defendant, Nationwide Insurance Company, provides liability insurance coverage to Christopher Rampe. The cause of action arises out of an automobile accident which occurred while United Services Automobile Association's (USAA) insured, Rampe, was driving a vehicle registered to Nationwide's insured, Thomas Dix.

Virginia Code § 38.2-2204, the omnibus-clause statute, requires that an automobile insurance policy provide coverage for a person who is using a vehicle "with the express or implied consent of the named insured." *Id.* At trial, the Court found that Rampe was not given express permission to operate the vehicle at the time of the accident. Additionally, it was found that Tom Dix, III, did not have the right to give Rampe permission to drive the automobile, nor did Tom Dix, III, have general control over the vehicle. Further, it was determined that the evidence did not establish a course of conduct where Rampe was permitted to use the Dix's automobile at his pleasure. Therefore, the sole issue remaining is whether or not Rampe was cloaked with implied permission to operate the vehicle on the day of the accident.

Implied permission may "arise from either a course of conduct or relationship between the parties, in which there is mutual acquiescence or a lack of objection under the circumstances signifying assent." *State Farm Mut. Ins. Co. v. Cook*, 186 Va. 659, 667 (1947). The concept of implied permission

is inferential in nature, and thus, the facts of each case must be closely examined to determine the existence of permission. *Fidelity and Cas. Co. of N.Y. v. Harlow*, 191 Va. 64 (1950). In this case, the Plaintiffs have the burden of proving Rampe is within the omnibus coverage clause of the Dixes' policy. *Hartford Fire Ins. Co. v. Davis*, 246 Va. 495 (1993). The Plaintiffs argue that the Dixes' lack of affirmative action constitutes implied permission. As support, Plaintiffs rely on the fact that the Dixes did not specifically or expressly prohibit Tom Dix, III, from lending their vehicle to Rampe. Additionally, the Plaintiffs argue that the Dixes' lack of objection, coupled with the parties past conduct, equates to implied permission.

The evidence before the Court is insufficient to support a finding of implied permissive use. First, there was no course of conduct or relationship between the Dixes and Rampe which would establish implied permissive use. The evidence shows that Rampe had obtained express permission from the Dixes each of the few times he was permitted to use the vehicle. Consequently, no relationship was ever created which supports Rampe's alleged reliance on implied permission. Given the lack of a course of conduct or relationship, it is irrelevant that Rampe thought the Dixes would give him express permission if he had asked for usage of the vehicle. Second, the Dixes were unaware that Rampe was operating the vehicle on the day of the accident and, consequently, had no opportunity to object to Rampe's usage of their vehicle. Furthermore, the evidence is clear that there was no mutual acquiescence. Instead, the evidence shows that when the Dixes became aware of Rampe's operation of the vehicle, their son was directed to retrieve the keys from Rampe.

As a matter of law, Rampe has failed to meet his burden of proving implied permissive use, and the Court declares that: (1) the Dixes did not give Rampe either express or implied permission to operate the vehicle, and therefore, (2) Rampe is not a person insured under Nationwide's policy, and (3) Nationwide has no obligation under the terms of its policy with regard to claims arising out of the August 17, 1995, accident.