## CIRCUIT COURT OF AMHERST COUNTY

Nationwide Mutual
Insurance Co.

v.

Frances L. Erbe,
Guardian of
Erica Lynn Erbe, et al.

January 17, 2001

Case No. CL 5354

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion for declaratory judgment in the above case. In this regard, I rule that Nationwide Mutual Insurance Company does not owe coverage or have a duty to defend Sherman Calloway, Administrator of the Estate of Roger L. Matthews, Jr. My reasons for this ruling are set forth below.

On January 8, 1998, Erica Lynn Erbe was injured in an automobile collision while riding as a passenger in a 1988 Ford Ranger operated by Roger L. Matthews, Jr. (Roger, Jr.). Roger L. Matthews, Jr., was killed in this same collision. Frances L. Erbe, as the guardian and conservator of Erica Lynn Erbe, has filed a motion for judgment in the Circuit Court of Amherst County against Sherman Calloway, Administrator of the Estate of Roger L. Matthews, Jr., deceased, seeking money damages for the injuries to Erica Lynn Erbe arising from this accident. Nationwide Mutual Insurance Company (Nationwide) filed a separate motion for declaratory judgment in the instant case requesting the Court to rule whether or not Nationwide should afford coverage to the Estate of Roger L. Matthews, Jr., in the negligence action brought on behalf of Erica Lynn Erbe.

At the time that this accident occurred, Nationwide provided liability coverage on the Ford Ranger operated by Roger L. Matthews, Jr. The Ford Ranger was owned by Kay M. Smith, the named insured on the Nationwide

policy. Additionally, State Farm Insurance Company (State Farm) is the uninsured motorist carrier for the policy issued to Frances L. Erbe, the mother, guardian, and conservator of Erica Lynn Erbe. Arguably, if Nationwide does not afford coverage to Roger L. Matthews, Jr., in this action, the only insurance coverage would be the uninsured motorist coverage under the policy of Frances L. Erbe, mother of Erica Lynn Erbe. The attorneys have indicated that the insurance coverage under the State Farm policy is much less than the insurance coverage under the Nationwide policy.

The issue in this case is whether Roger L. Matthews, Jr., was a "resident of the same household" of Kay M. Smith, the owner of the 1988 Ford Ranger and the named insured under the Nationwide policy. Part II of the Nationwide policy provides that among the persons insured are "the Named Insured and any resident of the same household . . . ." In order for the Estate of Roger L. Matthews, Jr., to be afforded coverage under the Nationwide policy, he must be a resident of the same household of Kay M. Smith, the named insured.

The evidence presented at the trial of this case established that Roger, Jr., was living in the home of Kay M. Smith at the time of his death. Roger L. Matthews, Sr., the father of Roger L. Matthews, Jr., was a boyfriend of Kay M. Smith, who had lived in her home for at least a year prior to Roger, Jr., living in the home.

Roger, Jr., was 16 years old at the time of the accident. He was in legal custody of his mother, Donna Crews. Shortly before December 8, 1997, he started living in the home of Kay Smith after he had had an altercation with his stepfather, the husband of Donna Crews. Apparently, Roger, Jr., had been ordered by the Juvenile and Domestic Relations Court to not go on the property of his stepfather. Thus, it was necessary for Roger, Jr., to discontinue living in his mother's home and live with his father. According to Kay Smith, she did not agree for Roger, Jr., to live in her home initially. Later she consented and he moved in a short time prior to December 8, 1997. Kay Smith said that it was her understanding that Roger, Jr., would return to live with his mother once she was able to acquire a mobile home.

Kay Smith required that Roger, Jr., live under her rules. The only vehicle that she allowed him to drive was an unlicensed Subaru. She would only let him drive it on her farm. During this period of time, Roger, Jr., went to school part-time and helped his father with chores around the farm. This included feeding the cows and building a shed.

Roger, Sr., had a disagreement with Kay Smith's daughter who was visiting over the holidays and decided to leave Kay Smith's house. Roger, Jr., left with him but later called Kay Smith and requested that he be allowed to return because his father was on an alcoholic binge, which he suffers from

periodically. Roger, Jr., left Kay Smith's home one additional day when he became ill with the flu just before the accident. However, he returned after a day because the heat in his grandparent's home was not sufficient to keep him warm.

On January 8, 1998, the day of the accident, Roger, Jr., was driving the 1988 Ford Ranger without the permission of Kay Smith. Also, Roger, Jr., was driving without an operator's license.

Because Roger, Jr., was not the named insured under the Nationwide policy issued to Kay M. Smith, Frances L. Erbe has the burden of proof to establish that Roger, Jr., comes under the coverage provisions of this policy. In this regard, Frances L. Erbe has not sustained this burden of proof.

A person who seeks to establish residency in a household for purposes of insurance coverage has the burden to establish coverage under the terms of the policy. *Furrow, Administrator v. State Farm Mutual Auto. Ins.*, 237 Va. 77, 80, 375 S.E.2d 738 (1989); *Maryland Casualty Co. v. Cole*, 156 Va. 707, 716, 158 S.E. 873 (1931). See also *Hartford Fire Ins. Co. v. Davis*, 246 Va. 495, 498, 436 S.E.2d 429 (1993).

In order for Frances L. Erbe to bring the Estate of Roger, Jr., within the terms of the Nationwide policy, she must establish that he was a resident of the household of Kay M. Smith. The term "household" has been defined by the Supreme Court of Virginia to mean "a settled status which is more permanent and settled than would be indicated if the phrase were resident of the same house or apartment." Further the Court says that the term "household" is "a collection of persons living together as a single group with one head under one roof, a unit of permanent and domestic character." *Furrow, Administrator v. State Farm Mutual Auto. Ins.*, 237 Va. 77, 80, 375 S.E.2d 738 (1989); *Allstate Ins. Co. v. Patterson*, 231 Va. 358, 361-62, 344 S.E.2d 890 (1986); and *State Farm Mutual v. Smith*, 206 Va. 280, 285, 142 S.E.2d 562 (1965).

The status of Roger, Jr., in the household of Kay M. Smith was anything but settled. He had been ordered out of the house of his stepfather, his mother was looking for a house trailer to acquire and his father was living with his girlfriend. When he became ill, he went to live in the house of his grandparent rather than the house of Kay Smith. At the time of the accident, his father had moved out of the home of Kay Smith after having lived there for over a year. Also, there had been discussion between Roger, Jr., and his mother about Roger, Jr., going into the Job Corps Program.

Neither the actions of Roger, Jr., Roger, Sr., or Kay Smith indicate that Roger, Jr., was residing in her home on a permanent status. Residency in her home was for little over one month prior to his death. He had left the

household twice during that month. His mother was looking for a house trailer. His father did not reside at the home at the time of the death of Roger, Jr.

Accordingly, it has not been established by a preponderance of the evidence that Roger, Jr., was a resident of the household of Kay M. Smith. Therefore, coverage cannot be provided under the Nationwide policy.