# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

GuideOne Mutual
Insurance Co.

    v.

Vernon G. Murray

September 3, 2010

Case No. CL09-5814

BY JUDGE EDWARD W. HANSON, JR.

This matter is before the Court on GuideOne's declaratory judgment action arising out of a claim Mr. Murray submitted for underinsured motorist coverage. The Court heard argument on the matter on June 9, 2010. Both sides have submitted briefs.

GuideOne contends that Mr. Murray is not entitled to underinsured motorist coverage because the insurance policy upon which Defendant bases his claim is an excess liability policy exempt from providing underinsured motorist coverage under Virginia law. Mr. Murray argues that he is entitled to underinsured motorist coverage because he is primarily covered under his employer's liability policy pursuant to the omnibus statute, which means that any of the provisions excluding him from coverage are void. Upon careful consideration of the insurance policy, Va. Code §§ 38.2-2204 and 38.2-2206, and the case law and briefs submitted, the Court finds that Mr. Murray is not entitled to underinsured motorist coverage under his employer's liability policy.

The following facts are undisputed in this case. GuideOne issued a commercial general liability and commercial property policy to Mr. Murray's employer. The policy contains an endorsement that states the insurer will pay all sums an insured must pay as damages resulting from the use of a "covered auto." However, the policy does not specifically identify, by make or model, any vehicle to which this coverage applies. On September 13, 2008, Mr. Murray was involved in a car accident on his way

to a meeting that he was required to attend in furtherance of the duties of his employment. Mr. Murray obtained judgment against the negligent driver, who was underinsured, and then sought to obtain the remaining amount of the judgment from GuideOne under his employer's liability policy.

Under Virginia law, an insurer must provide uninsured and underinsured motorist coverage in all bodily injury and property damage liability policies that relate to the ownership, use, or maintenance of an automobile principally garaged or used in the state. Va. Code § 38.2-2206(A). The provisions of the statute are read into every such liability policy, and any policy provisions that conflict with the statute are void. *State Farm Mutual Auto Ins. Co. v. Duncan*, 203 Va. 440, 443, 125 S.E.2d 154 (1962); *see also Dyer v. Dairyland Ins. Co.*, 267 Va. 726, 731, 594 S.E.2d 592 (2004). Only excess policies and policies that provide incidental coverage not related to a specifically insured vehicle are exempt from providing uninsured and underinsured motorist coverage. Va. Code § 38.2-2206(J).

According to the Virginia Supreme Court, the uninsured motorist statute must be liberally construed to accomplish its intended purpose. *Virginia Farm Bureau Mutual Ins. Co. v. Gile*, 259 Va. 164, 168, 524 S.E.2d 642 (2000). The purpose of the statute is to protect insured motorists, their family members, and permissive users from uninsured or underinsured motorists. *Stone v. Liberty Mutual Ins. Co.*, 253 Va. 12, 17, 478 S.E.2d 883 (1996). The statute is not intended, however, to afford coverage upon *every* uninsured vehicle to *everyone*. *Id.* (emphasis added).

In *Stone v. Liberty Mutual Ins. Co.*, the Virginia Supreme Court specifically addressed the application of the uninsured motorist statute where an employee sought coverage under his employer's business auto liability policy. 253 Va. 12, 478 S.E.2d 883. In that case, the plaintiff, a pizza delivery driver, was operating his own vehicle within the scope of his employment when he was involved in a car accident. *Stone*, 253 Va. at 14. The negligent driver of the other vehicle was underinsured; so the plaintiff sought to recover judgment against his employer's liability insurer. The employer's business auto liability policy provided liability coverage for all sums the insured must legally pay as damages because of bodily injury caused by an accident resulting from the use of a "covered auto." For purposes of the policy, "covered auto" included "non-owned" vehicles used in connection with the employer's business; however, the policy excluded the plaintiff from the definition of "insured" because he was an employee. The plaintiff contended that excluding him from coverage under the policy violated the uninsured motorist statute because at the time of the accident he was occupying a "non-owned" vehicle that was covered by the liability policy. *Id.*

In determining that the plaintiff in *Stone* was not entitled to underinsured motorist coverage, the Virginia Supreme Court recognized

the liberal construction that must be afforded the uninsured motorist statute. 253 Va. at 17. The Supreme Court examined the definition of "insured" set forth in the uninsured motorist statute and determined that the plaintiff was an insured of the second class. *Id.* at 18. The uninsured motorist statute creates two classes of insured persons, with different benefits to each class. *Nationwide Mutual Ins. Co. v. Hill*, 247 Va. 78, 87, 439 S.E.2d 335 (1994). The first class includes the named insured and any relatives residing in the same household, while the second class includes any other person who is occupying an insured vehicle. *Id.* In *Stone*, the Supreme Court stated that the uninsured motorist statute only requires coverage for an insured of the second class when he is in *"the" motor vehicle(s) listed in the policy* rather than *"any" vehicle to which the policy might apply.* 253 Va. at 18 (emphasis added). Because the plaintiff was not operating either of the two vehicles specifically listed in the employer's policy, the Supreme Court found that the insurer was not required to provide underinsured motorist coverage under Virginia law. *Stone*, 253 Va. at 18-19. As a result, the provision in the policy excluding the plaintiff from coverage was upheld because it did not conflict with the underinsured motorist statute. *Id.*

Similar to the policy in the *Stone* case, the policy at issue in the present case undertakes to pay all sums an insured must pay as damages for bodily injury caused by an accident resulting from the use of a "covered auto." Under the policy, the definition of "covered auto" includes "nonowned autos" that are used in connection with the named insured's business, including cars owned by the named insured's employees. Also, similar to the plaintiff in *Stone*, Mr. Murray is specifically excluded from the definition of "Who is An Insured." Section II(4)(b) of the Amendatory Endorsement of the policy at issue here states that an insured is anyone who uses a covered auto with the named insured's permission *except* an employee if the covered auto is owned by that employee. At the time of the accident Mr. Murray was operating his own vehicle, which is not specifically listed in the insurance policy here. Based on these facts and the decision made by the Virginia Supreme Court in the *Stone* case, the exclusion of Mr. Murray from coverage is not inconsistent with the uninsured motorist statute because he is a second class insured who is only entitled to underinsured motorist coverage if he is in "the" vehicle(s) listed in the policy.

Likewise, the exclusion of Mr. Murray from coverage does not conflict with the omnibus statute. Virginia's omnibus statute mandates insurance coverage to permissive users of a vehicle against liability incurred as a result of the negligent operation of a motor vehicle. Va. Code § 38.2-2204; *see Hartford Fire Ins. Co. v. Davis*, 246 Va. 495, 498, 436 S.E.2d 429 (1993). Any endorsement in an insurance policy that seeks to limit or exclude the coverage required under the omnibus statute is void. Va. Code § 38.2-2204(E). Mr. Murray contends that he is primarily covered under his employer's policy because the labeling of the policy as "excess" and

policy provisions excluding him from coverage are void. In order to be covered under the omnibus statute, Mr. Murray must have been operating the vehicle at the time of the accident as a permissive user with the express or implied consent of the named insured, his employer. *See* Va. Code § 38.2-2204(A). In construing the language of the omnibus statute, the courts have generally held that a named insured cannot give permission to use a vehicle that he does not own. *Stone*, 253 Va. at 18. In this case, the named insured was not the owner of the vehicle that Mr. Murray was driving at the time of the accident; in fact, Mr. Murray owned the vehicle. Under Virginia law, then, the named insured could not have given its consent for Mr. Murray to operate the vehicle since it was not the owner of the vehicle. Accordingly, the omnibus statute will not apply to provide Mr. Murray primary coverage under his employer's liability policy. Therefore, the labeling of the policy as "excess" and provisions excluding Mr. Murray from coverage are not void as they do not conflict with the statute.

For these reasons, the Court finds that GuideOne is not required to provide Mr. Murray with underinsured motorist coverage.